# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * CASE NO. 4:19CR00055-01 SWW |
| V. | * |
| | * |
| LADONTA C. WILLIAMS | * |

## ORDER

On June 24, 2021, the Court held a hearing on the United States' motion [ECF No. 4] to revoke the supervised release previously granted Defendant. Defendant was present at the hearing. Also present was Defendant's attorney, Lee Short, and Assistant United States Attorney Benecia Moore for the Government. Based on the statements on the record, the Court found that Defendant has violated the conditions of his supervised release without just cause.

IT IS THEREFORE ORDERED AND ADJUDGED that the Government's motion to revoke supervised release [ECF No. 4] is **GRANTED**, and that the supervised release previously granted Defendant is **REVOKED.**

IT IS FURTHER ORDERED that Defendant shall serve a ***term of imprisonment of EIGHT (8) MONTHS*** in the custody of the Bureau of Prisons. The Court recommends Defendant participate in nonresidential substance abuse treatment during incarceration.

1

There will be *ONE (1) YEAR of supervised release* following the term of incarceration. All general and standard conditions of supervised release previously imposed remain in full force and effect. In addition, Defendant will be subject to the following special conditions of supervised release:

1. Defendant will participate, under the guidance and supervision of the United States Probation Officer, in a substance abuse treatment program which may include drug and alcohol testing, out-patient counseling, and residential treatment. The defendant will abstain from the use of alcohol during supervision. The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

2. Defendant must participate in sex offender treatment under the guidance and supervision of the Probation Officer and abide by the rules, requirements and conditions of that program, including submitting to periodic polygraph testing to aid in the treatment and supervision process. You must pay for the cost of treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If you are financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

3. Defendant must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), or any other material that would compromise your sex offense-specific treatment.

4. Defendant must not access the Internet except for reasons approved in advance by the probation officer.

5. You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

6. To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches will be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after is installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

7. Defendant must submit his person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions, pursuant to 18 U.S.C. § 3583(d).

8. The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statues and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

9. You must not have direct contact with any child you know or reasonably should know to be under the 18 of 18 without the permission of the probation officer, with the exception of your own daughter. If you do have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

10. You must not go to, or remain at, any place whet you know children under the age of 18 are likely to be, including parts, schools, playgrounds, and childcare facilities. You must report to the probation officer where your daughter goes to daycare.

11. Defendant must participate in mental health counseling under the guidance and supervision of the U.S. Probation Office. The defendant must pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for the cost of the treatment, the co-pay requirement will be waived.

The Court determined that Defendant is eligible to self-report to the U.S. Marshal on *Monday, August 9, 2021, by noon*.

IT IS SO ORDERED THIS 25TH OF JUNE, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE